UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD AND MARGARET VEILLEUX, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) 1:13-cv-00029-NT ) |
| GENIE INDUSTRIES, | ) ) |
| Defendant. | ) |

**ORDER**

The matter is before the Court on Plaintiffs' Motion to Exclude Expert Testimony (ECF No. 40). Through this motion, Plaintiffs seek an order excluding the opinion testimony of Defendant's designated expert, Richard Curtin, to the extent that Mr. Curtin intends to testify as to the adequacy of the warning that Defendant placed on its EasyUp 15 lift, including whether a different warning would have prevented the incident about which Plaintiffs complain. After consideration of the parties' arguments, as explained below, the Court denies the motion.

**BACKGROUND FACTS**

Plaintiffs allege that Defendant's EasyUp 15 (EU-15 or EU-15M) lift, a form of aerial work platform, was defective. A user of the EU-15 can stand on and raise the platform to access overhead work projects. When the EU-15 is in its fully lowered position, the lift platform and guardrail (the "basket") remains several feet above the floor and one must climb up to enter the basket.

The EU-15's basket is hinged and locks into an upright position by means of two pins. When the basket is at its lowest height, in its upright position, the EU-15 is too tall to be moved through doorways. To move the lift through a doorway, therefore, the user must disengage the

two pins securing the basket, which is hinged at its base to permit it to come down.  Plaintiff Donald Veilleux was allegedly injured when, as he was in the process of disengaging the pins in order to lower the basket, the basket swung down and its guardrail struck him on the head. Plaintiffs maintain that the EU-15 has a defective design, and that Defendant provided an inadequate warning about the danger that resulted from the design.[1]

Richard M. Curtin is a 1983 graduate of Western Washington University in Bellingham, Washington, where he majored in industrial design.  Following graduation, Mr. Curtin worked for Genie Industries for approximately 20 years.  Currently, he is employed by Terex Corporation, which purchased Genie Industries in 2003.  Throughout his nearly 30 years with these companies, Mr. Curtin's responsibilities have included product design and safety for aerial work platforms, including the EU-15 model at issue in this case.  (Declaration of Richard M. Curtin ¶¶ 1-8.)  Mr. Curtin has participated in the design and testing of more than 80 aerial work platforms, and has been responsible for "the design, content, and/or approval of hundreds of warnings for various types of aerial work platforms and other industrial machines."  (*Id.* ¶ 9.)

In this work, Mr. Curtin has become familiar with and has gained substantial practical experience applying the American National Standards Institute (ANSI) standard Z35.1 – 1972. (*Id.* ¶ 10.)  Mr. Curtin has been selected to participate in committee work for ANSI, the Canadian Standards Association, and other organizations regarding aerial platform design and safety.  (*Id.*

---

[1] The warning consists of a yellow decal between the two pins.  The decal reads:

**CAUTION**

**BEFORE ENTERING** LOCK PLATFORM RAILING IN UPRIGHT POSITION

**WHEN UNLOCKING**, KEEP ONE HAND ON RAILING AT ALL TIMES

¶¶ 11-19.)  Mr. Curtin has also served as a representative of the Elevating Work Platforms committee for the United States Technical Advisory Group since 1998, on which committee he assisted in the creation and publication of "several standards, including standards that apply directly to instructions and warnings."  (*Id.* ¶ 18.)

Mr. Curtin was involved in the design of the EU-15 in 1984.  As part of this work, he was responsible for the design and assessment of the warnings and user instructions, including the visibility and legibility of the warning in question.  (*Id.* ¶¶ 22-23, 26-27.)  Based on his experience and training, he "professionally determined that the warning was adequate to convey the information needed for safe operation and that it was consistent with industry practice at that time." (*Id.* ¶ 28.)  He is prepared to testify in accordance with that determination, and further testify that the incident about which Plaintiffs complain would not have occurred if Plaintiff Donald Veilleux would have followed the warning.  (*Id.* ¶ 35.)  Mr. Curtin bases his opinions on:

> 1. Inspection, use, and assessment of the subject model lift and subject warning during the design process;
>
> 2. Knowledge of and experience with the relevant ANSI warnings standard and assessment of the subject warning's compliance with it;
>
> 3. Post-accident inspection of the accident lift;
>
> 4. Genie's experience with the EU-15M and EU-16M models; [2] and
>
> 5. Review of Mr. Veilleux's deposition transcript, including his admission that he did not read the warning, and other discovery materials.

(*Id.* ¶ 36.)

---

[2]  Mr. Curtin also has factual information to relate, including that "Genie is not aware of reports or claims of accidents or incidents involving a user's failure or inability to control the folding platform when raising or lowering it, except for Plaintiffs' claim."  (Declaration of Richard M. Curtin ¶ 33.)

Defendant designated Mr. Curtin both as its liability expert and as its Rule 30(b)(6) corporate designee. At the Rule 30(b)(6) deposition, conducted June 11, 2013, the following colloquy occurred:

Q. Do you consider yourself an expert in human factors?

. . .

A. Um, I don't know about expert. I have had training in human factors, and have been working with elements of human factors for my whole career.

A similar exchange occurred as to whether Mr. Curtin considered himself an expert in mechanical engineering. (Genie Industries Deposition at 6:5-14, ECF No. 40-3.) Mr. Curtin also testified that he did not design the warning sign/decal at issue in this case, that it originated with an earlier model lift, that he does not know who created it, but that he had the opportunity to review the warning and selected it for use on the EU-15. (*Id.* at 98:13-25.) He further asserted that he engaged in an independent analysis of the sign's effectiveness when he had the opportunity to use it, and came to understand the manner in which the warning related to the use of the machine. (*Id.* at 100:20-101:4.)

Plaintiffs subsequently deposed Mr. Curtin as an expert witness on January 30, 2014. At that deposition, Mr. Curtin testified that he is not a professional engineer and is not licensed to practice engineering. (Deposition of Richard Curtin at 8:25-9:2, 10.) He also stated that he presently works in product safety but does not routinely engage in "hazard analysis." [3] (*Id.* at 48:14-25.) When questioned whether the subject warning complied with ANSI standards for color and shape of the warning, Mr. Curtin testified that it does not, but that the warning "does provide important information to the operator about operation of the machine and its uses" (*id.* at 49:17-

---

[3] Mr. Curtin testified both, "these days I don't do hazard analysis," and, "I didn't say I don't do hazard analysis." (Curtin Deposition at 40:14-25.)

18) and "is adequate and capable of conveying the information even though it's not specifically the layout described in the standard" (*id.* at 60:8-10).

## DISCUSSION

**A.      Opinion Testimony Standards**

Pursuant to Rule 702 of the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>   (b) the testimony is based on sufficient facts or data;
>   (c) the testimony is the product of reliable principles and methods; and
>   (d) the expert has reliably applied the principles and methods to the facts of the case.

"Federal Rule of Evidence 702 assigns to the district court 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Smith v. Jenkins*, 732 F.3d 51, 64 (1st Cir. 2013) (quoting *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 597, (1993)).   The proponent of the expert testimony bears the burden of demonstrating that the testimony has a reliable foundation and is calibrated to assist the finder of fact, but need not establish that the expert's opinion is correct.  *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998).

**B.      Discussion**

Plaintiffs seek the exclusion of Mr. Curtin's proposed opinion testimony that the warning sign was adequate and that a better or different sign would not have prevented the accident. (Motion to Exclude at 1.)  Plaintiffs assert that Mr. Curtin (1) is not qualified to serve as an expert and (2) has not developed an expert opinion through the application of any specialized knowledge. (*Id.* at 6-14.)

"[T]he court has broad discretionary powers in determining whether or not the proposed expert is qualified by 'knowledge, skill, experience, training, or education.'" *Bogosian v. Mercedes-Benz of N. Am., Inc.*, 104 F.3d 472, 476 (1st Cir. 1997). Where it is apparent that the witness's testimony concerns "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702, the Court must assess whether the testimony would prove helpful to the jury based on its reliability and its fit with the facts and issues at hand. *Bogosian*, 104 F.3d at 476. This is a case-specific inquiry. *Id.*

Plaintiffs acknowledge that experience is a valid qualification for expert testimony. (Motion to Exclude at 6.) Nevertheless, they challenge Mr. Curtin's qualifications based on the fact that he lacks an engineering degree and license, provided an uncertain response at Genie Industries' Rule 30(b)(6) deposition as to whether he considered himself an expert, and was inconsistent in his responses regarding the hazard analysis process. (*Id.* at 6-9.)

In the Court's view, Curtin's qualifications are sufficient to permit him to testify about the adequacy of the warning provided on the EU-15. Mr. Curtin has many years' experience applying and assessing warnings applied to Genie Industries' products. Indeed, he has substantial experience in the area of aerial work platforms. Additionally, through his work and his professional activities, Mr. Curtin is familiar with ANSI warning/signage standards. In short, Mr. Curtin has the requisite expertise, derived from his education, his long relevant work history, his intimate knowledge of the operation of the EU-15, and his related professional activities to testify as to the proffered opinions.

**CONCLUSION**

Based on the foregoing analysis, the Court denies Plaintiff's Motion to Exclude Expert

Testimony.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

***So Ordered.***

June 4, 2014                                   /s/ John C. Nivison
                                               U.S. Magistrate Judge